## HOGAN *v.* TITLOW & PRINCE.

In suit to recover for services for half a year, under a contract to work a whole year, plaintiff having quit the employment of defendant, it requires slight evidence of assent or agreement to apportion the contract and allow plaintiff to recover.

Some proof of a promise on the part of defendant to settle with plaintiff will sustain a verdict for him in such case.

APPEAL from the Eighth District.

Plaintiff sued for three hundred and twenty-six dollars and thirty-three cents, for work and labor done during about six months. Defendants denied any indebtedness, set up a special contract by which plaintiff agreed to work for them a year at fifty-five dollars per month and board, payable, one-half at the end of six months, the other half at the end of the year, and averred that plaintiff, without cause, quit their employment a little before the end of six months.

Defendants claimed damage in the sum of four hundred dollars.

The proof sustained the contract set up by defendants, and also tended to show that they promised " to settle " with plaintiff on his demand for compensation after he quit work.

The jury found for plaintiff. Defendants appeal.

*H. W. Haven,* for Appellants.

1. The rule is well settled, that where one agrees to work for a certain period, at a stipulated price, or to perform certain services for such an amount, he cannot break off at his own pleasure and maintain an action for the work as far as he has gone. (*Hutchinson* v. *Wetmore,* 2 Cal. 210 ; Chit. on Con. 501, Note 1 ; *Jennings* v. *Camp,* 12 John. 165 ; *Faxon* v. *Mansfield,* 2 Mass. 147.) And this rule depends upon another, equally well settled, and applicable to this case, viz :

2. That such contracts are entire, and neither divisible nor apportionable, except by express provision in the contract. The parties agree upon a specified time, at a fixed sum or rate ; the *casus foederis* does not therefore arise until the end of the time limited for the performance. (*Davis* v. *Maxwell,* 12 Metc. 286 ;

*Clark* v. *Baker*, 5 Id. 452; *Thorpe* v. *White*, 13 John. 53; Par. on Con. Vol. 2, pp. 33, 34; *Reab* v. *Moor*, 19 John. 337.)

*S. W. Sanderson*, for Respondent.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

In this case the only question made was as to the right of the plaintiff to recover for partial services rendered under an entire contract for a year.

The plaintiff quit the employment of the defendant before the expiration of the period. In which case it requires but slight evidence of assent or agreement to apportion the contract, and allow the plaintiff to recover for the period of services, or for the work and labor actually done.

Two juries passed upon the case, and both found for the plaintiff. We cannot disturb the verdict in such cases if it has any evidence to sustain it. The proof in this case was not very strong; but there was some proof of a promise to settle with the plaintiff, and we do not feel disposed, under the circumstances, to disturb a verdict which appears to do justice between the parties.

Judgment affirmed.